Harold P. BRAHAM, Appellant,

v.

STATE of Alaska, Appellee.

No. 140.

Supreme Court of Alaska.

Dec. 14, 1962.

Warren A. Taylor, Fairbanks, appellant.

James C. Merbs, Dist. Atty., Dorothy Awes Haaland, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., DIMOND and AREND, JJ.

DIMOND, Justice.

Braham was convicted of burglary not in a dwelling house.[1] The testimony of an accomplice directly connected him with the crime. Evidence introduced to corroborate the accomplice consisted mainly of the testimony of the owner of the burglarized buildings and a police officer. On this appeal Braham claims that a judgment of acquittal ought to have been entered since the accomplice's testimony was not sufficiently corroborated, as required by law.[2] He argues that the accomplice's testimony was so irrational, disjointed and contradictory, that other evidence tending to connect Braham with the commission of the crime could not justify a reasonable belief that the accomplice was speaking the truth.

In Oxenberg v. State [3] we held:

"The trial judge must be allowed considerable latitude in exercising the discretion required of him. He has the opportunity to observe the manner in which the accomplice details the circumstances of the transaction; and the opportunity to form a considered judgment as to whether the accomplice was collected, whether he possessed observation, whether his recollection was fresh, and whether he seemed to be relating actual events or fictitious and

1. Section 65–5–32, ACLA 1949.

2. Section 66–13–59, ACLA 1949 provides: "That a conviction can not be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corrob-

oration is not sufficient if it merely show the commission of the crime or the circumstances of the commission."

3. Opinion No. 36, 362 P.2d 893, 897 (Alaska), cert. denied, 368 U.S. 56, 82 S.Ct. 189, 7 L.Ed.2d 128 (1961).

invented ones. The trial judge has the opportunity of comparing the details of the transaction as related by the accomplice with other circumstances in the case. He then has the duty of deciding from this whether such other circumstances fit into or correspond with what the accomplice has said in a sufficient number of particulars to justify the reasonable belief that the accomplice was speaking the truth. If the trial judge is satisfied in this, then he must submit the matter to the jury so that it may decide whether to believe or disbelieve what the accomplice has said."

It was for the trial judge to determine whether the corroborative evidence could justify a reasonable belief that the accomplice was speaking the truth, and we shall not set aside his determination unless there has been an abuse of discretion. We have reviewed all of the evidence in this case and conclude that the trial judge did not abuse his discretion in finding that the requirement of corroboration was met. He was amply justified in submitting the case to the jury, whose province it was to determine the weight and credibility to be given to the evidence of corroboration and to the evidence of the accomplice.

■ Another point raised on this appeal has to do with fingerprint evidence. A police officer testified he took two jars from the burglarized buildings. They were sent to the F.B.I. for analysis of fingerprints. An expert testified that a fingerprint on one of the jars was Braham's.

Although Braham states in his brief that it was error to allow the glass jar to be admitted as evidence, he really doesn't argue any question of admissibility. Instead, his argument relates to the weight to be given fingerprint evidence, once it is admitted. He contends that since the circumstances fail to show that the fingerprint could have been impressed only at the time the crime was committed, it was not sufficient proof of identity to sustain the conviction.

That point is not involved here.[4] The State did not rely upon the fingerprint alone as proof of identity. Braham was identified as having committed the burglary by an accomplice's testimony, which was sufficiently corroborated by other evidence. The fingerprint was just one item, among others, of the corroborative evidence. Braham testified that he had never been in the area where the buildings were located, and he was unable to account for the presence of his fingerprint on the jar. Logically, then, the fact that the jar with his fingerprint on it was found in one of the buildings would lend credence to, and thus tend to corroborate, the accomplice's story.

We find no error. The judgment is affirmed.

4. The question of whether fingerprint evidence is sufficient to sustain a conviction is discussed in an annotation in 28 A.L.R.2d 1115, 1150–1157 (1953).